No. 26,616.

WILLIAM A. WEIGAND, *Appellant*, v. JOHN LEBER et al., *Appellees.*

SYLLABUS BY THE COURT.

EVIDENCE—*Parol Testimony Affecting Writing—Arrangements Subsequent to Written Lease.* Evidence to show that, subsequent to signing a written lease for real property, verbal arrangements were made by which the terms of the lease were materially changed on two separate occasions and that thereafter the lease was canceled in writing does not violate the rule against the admission of parol evidence to add to, alter, contradict, or vary the terms of a written instrument.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed April 10, 1926. Affirmed.

*E. L. Foulke, James B. Nash* and *Roy H. Wasson,* all of Wichita, for the appellant.

*C. I. Martin* and *C. W. McVickers,* both of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued in the city court in the city of Wichita to recover $535 rent on a building for April, May, June, July, August and September, 1924, and $41.22 which the plaintiff was compelled to pay for water used by the defendants in the building rented. Judgment was there rendered in favor of the plaintiff for $535. The defendants appealed to the district court where judgment was rendered in favor of the plaintiff for $33.42. From that judgment, the plaintiff appeals.

The defendants, in writing, leased the premises from the plaintiff from June 1, 1923, to December 31, 1926, for a total rental of $7,095, payable in advance in monthly installments of $165 each. Evidence was introduced which tended to prove that on January 14, 1924, an arrangement, partly verbal, was made between the plaintiff, the defendants and Gus Broyles by which Broyles thereafter occupied the premises as the tenant of the plaintiff and paid the rent, either in money or by note, from the time he first took possession until April, 1924; when, through another verbal arrangement between the plaintiff and the defendants, the latter again occupied the premises as the tenant of the plaintiff under an agreed

Evidence, 22 C. J. pp. 1129 n. 65, 1274 n. 85, 1276 n. 1; 17 L. R. A. 270; 10 R. C. L. 1033.

rental of $50 a month, which was paid until the lease was canceled in writing in September, 1924. At the time Broyles occupied the premises, the plaintiff wrote on the lease, "January 14, 1924, I hereby assume the above lease," and that writing was signed by Broyles.

The plaintiff contends that it was error for the court to admit evidence to show the arrangements that had been made between the plaintiff, the defendants, and Broyles, and to show the subsequent arrangements made between the plaintiff and the defendants when the latter occupied the property the second time. The plaintiff relies on the rule prohibiting the admission of oral evidence to add to, contradict, vary, or alter the terms of a written instrument. That rule applies to negotiations, conversations, and contracts prior to or contemporaneous with the written contract, not subsequent modifications of it. In *Rogers v. Dockstader,* 90 Kan. 189, 133 Pac. 717, this court said:

"A written lease for a term of years may be surrendered by agreement of the parties thereto, without the execution and acceptance of a release in writing. If the facts and circumstances show a mutual understanding and agreement to terminate the relation of landlord and tenant, a surrender of possession by the latter and the recognition of another tenant by the former, such lease will be deemed to have been surrendered."

The plaintiff complains of the refusal of the court to give an instruction based on the rule concerning the introduction of the oral testimony as contended for by him. The evidence was admissible, and was sufficient to sustain the verdict, and the instruction requested was properly refused.

The judgment is affirmed.